Erika M. Nash (Wyo. Bar No. 6-3867)
**LONG REIMER WINEGAR BEPPLER LLP**
270 West Pearl Street, Suite 103
P.O. Box 3070
Jackson, Wyoming 83001
Telephone:  (307) 734-1908
Facsimile:  (307) 733-3752
Email: enash@lrw-law.com

*Attorneys for Michael V. DeFelice and*
*Babette DeFelice, Defendants*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| NEPCO FUND II LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 12-CV-246-F |
| | ) | |
| MICHAEL V. DeFELICE, and | ) | |
| BABETTE DeFELICE, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| | ) | |
| | ) | |

---

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

---

COMES NOW, Defendants Michael V. DeFelice and Babette DeFelice, (hereinafter collectively referred to as "Defendant"), by and through their attorney Long Reimer Winegar Beppler LLP, and hereby responds and answers the *Complaint* filed by Plaintiff, NEPCO Fund II LLC, (hereinafter referred to as "Plaintiff") as follows:

## JURISDICTION

1.      Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 1 and so the same are denied.

2.      Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 2 and so the same are denied.

3.      Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.      Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 4 and so the same are denied.

5.      Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 5 and so the same are denied.

6.      Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 6 and so the same are denied.

## VENUE

7.      Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 7 and so the same are denied.

8.      Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 8 and so the same are denied.

9.      Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 9 and so the same are denied.

10.     Denied.  Plaintiff attempts to characterize a document that is attached to the Complaint and which document speaks for itself.

11.     Denied.  Plaintiff attempts to characterize a document that is attached to the Complaint and which document speaks for itself.

12.     Denied.  Plaintiff attempts to characterize a document that is attached to the Complaint and which document speaks for itself.

13.     Denied.  Plaintiff attempts to characterize a document that is attached to the Complaint and which document speaks for itself.

14.     Denied.  Plaintiff attempts to characterize a document that is attached to the Complaint and which document speaks for itself.

15.     Defendant admits a foreclosure sale was held on October 16, 2012.  To the extent Plaintiff's remaining allegations in paragraph 15 call for a legal conclusion no response is necessary.  To the extent Plaintiff's remaining allegations in paragraph 15 set forth factual allegations they are denied.  An accounting and specific proof is demanded by Defendant.

16.     Denied.  To the extent Plaintiff's allegations call for a legal conclusion no response is necessary.  To the extent Plaintiff's allegations set forth factual allegations they are denied.  An accounting and specific proof is demanded by Defendant.

17.     Denied.  To the extent Plaintiff's allegations call for a legal conclusion no response is necessary.  To the extent Plaintiff's allegations set forth factual allegations they are denied.

18.     Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 18 and so the same are denied.

19.     Denied.  To the extent Plaintiff's allegations call for a legal conclusion no response is necessary.  To the extent Plaintiff's allegations set forth factual allegations they are denied.

## GENERAL DENIAL

20.     Defendant hereby denies each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

21.     Plaintiff fails to state a cause of action upon which relief may be granted.

22.     Plaintiff's action is barred by applicable statutes of limitations, and any equitable relief demanded by Plaintiff is barred by the doctrine of laches.

23.     Plaintiff's action is barred and/or limited by the doctrines of waiver and estoppel.

24.     Plaintiff's action is barred under the doctrine of unclean hands.

25.     Defendant reserves the right to object to venue and jurisdiction in this Court.

26.     As a further and separate defense, Defendant alleges that any indebtedness

Plaintiff attributed to Defendant has been the subject of an accord and satisfaction as between the

parties.

27.     Plaintiff's alleged damages were not proximately caused by an act or omission of

Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief against Plaintiff as follows:

1.     That the Plaintiff take nothing by reason of its Complaint;

2.     That a judgment be entered in favor of Defendant against Plaintiff;

3.     That Defendant recovers the costs of defending this suit herein incurred, including

reasonable attorneys fees; and,

4.     For such further and other relief as the Court may deem proper.

DATED this 6th day of December, 2012.

Defendants: Michael V. DeFelice and Babette
DeFelice


   /s/  Erika M. Nash_____
Erika M. Nash (Wyo. Bar No. 6-3867)
**LONG REIMER WINEGAR BEPPLER LLP**
270 West Pearl Street, Suite 103
Jackson, Wyoming 83001
P.O. Box 3070
Telephone:  (307) 734-1908
Facsimile:  (307) 733-3752
Email: enash@lrw-law.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of December, 2012, I caused a true and correct copy of the foregoing to be served on the following parties by depositing a copy of the same in the United States mail, first class postage prepaid, addressed as follows, and that all attorneys of record also were served electronically via the Court's electronic noticing system:

Timothy M. Stubson
Crowley Fleck PLLP
152 North Durbin Street, Suite 220
Casper, WY 82601
(307) 265-2279
(307) 265-2307 (fax)
tstubson@crowleyfleck.com

*Attorney for Plaintiff*

/s/ Erika M. Nash