Timothy M. Stubson [#6-3144]
Crowley Fleck PLLP
152 North Durbin, Suite 220
Casper, WY 82601
(307) 265-2279

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| NEPCO FUND II LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 12-CV-246-F |
| | ) | |
| MICHAEL V. DeFELICE, and | ) | |
| BABETTE DeFELICE | ) | |
| | ) | |
| Defendants. | ) | |

## NEPCO'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

COMES NOW the Plaintiff, NEPCO Fund II LLC ("NEPCO"), by and through its undersigned attorneys, Crowley Fleck PLLP, pursuant to Rule 56 of the Federal Rules of Civil Procedure and herein submits its *Brief in Support of Its Motion for Summary Judgment* as follows:

NEPCO has brought a claim for a deficiency judgment against Defendants. The undisputed facts establish Defendants' liability. NEPCO is, therefore, entitled to summary judgment on its claim.

### STATEMENT OF UNDISPUTED FACTS

On March 11, 2005, Defendants jointly executed a promissory note (the "Note") in which they agreed to repay the Lender, United States Trust Company of New York

1

Mortgage Lending, in one principal payment plus interest, a $630,000 loan by April 1, 2010.  *See* Exhibit A.  To secure the repayment of the Note, Defendant Michael DeFelice executed a mortgage (the "Mortgage") against certain property in Jackson, Teton County, Wyoming.  *See* Exhibit B.

On March 11, 2005, United States Trust Company of New York endorsed the Note and transferred it to UST Mortgage Company.  *See* Exhibit A.  On the same day, United States Trust Company of New York also assigned the Mortgage in the Jackson property to UST Mortgage Company.  *See* Exhibit C.

On May 23, 2011, Bank of America, N.A. (as successor by merger to UST Mortgage Company) entered into a forbearance agreement with Defendants.  *See* Exhibit D.  In the agreement, Defendants acknowledged both that the Note matured on April 1, 2010 and that Bank of America was entitled as of May 23, 2011 to foreclose the Mortgage.  *Id.*  Despite its right to foreclose, Bank of America agreed not to foreclose the Mortgage until October 31, 2011.  *Id.*

On November 8, 2011, Bank of America endorsed the Note and transferred it to NEPCO.  *See* Exhibit A; Keough Affidavit ¶ 2.  On the same day, Bank of America also assigned its mortgage in the Jackson property to NEPCO.  *See* Exhibit E; Keough Affidavit ¶ 3.

Defendants defaulted under the terms of the Note and the principal balance became immediately due and payable.  *See* Exhibit D; Keough Affidavit ¶ 4.  Therefore, pursuant to the power of sale contained in the mortgage and after proper notice, a foreclosure sale was held on October 16, 2012 in which the Jackson property was sold for $400,000.  *See* Exhibit F; Keough Affidavit ¶ 5.

As of October 16, 2012, the principal balance owing on the Note was $624,030.57 and accrued interest was $38,155.32. Keough Affidavit ¶ 6. After deducting the proceeds from the sheriff's sale, the total due as of October 16, 2012 was $262,185.89. Keough Affidavit ¶ 6. Since that date, interest has accrued at the rate of $47.70 per day at the default rate of 6.55% per annum. Keough Affidavit ¶ 7. Pursuant to the terms of the Note, NEPCO is also entitled to recover its attorney's fees and costs incurred in collecting upon the Note. *See* Exhibit A; Keough Affidavit ¶ 8. NEPCO has incurred attorney's fees and costs and continues to incur attorney's fees and costs in its effort to collect upon the Note. Keough Affidavit ¶ 9.

## **SUMMARY JUDGMENT STANDARD**

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). On a motion for summary judgment, disputed issues of fact are resolved against the moving party. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 143, 118 S. Ct. 512, 517, 139 L. Ed. 2d 508 (1997).

The inquiry performed is designed to determine whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of

either party. *Anderson*, 477 U.S. at 250.  By its very terms, the standard provides that the mere existence of some *alleged* factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.  *Id*. at 247-248 (emphasis added).  The substantive law will identify which facts are material, and only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  *Id*.  One of the principal purposes of the summary judgment rule is to dispose of factually unsupported claims or defenses, and it should be interpreted in a way that allows it to accomplish this purpose.  *Celotex*, 477 U.S. at 323-324.

## SUMMARY JUDGMENT IS PROPER IN THIS CASE

A. **Applicable Law.**

Federal courts are to apply federal procedural law and state substantive law when adjudicating a diversity action, except where the Constitution or an Act of Congress provides otherwise.  28 U.S.C.A. § 1652; *Erie R. Co. v. Tompkins*, 304 U.S. 64, 70, 58 S. Ct. 817, 818, 82 L. Ed. 1188 (1938).  The federal court shall apply the forum state's law to any diversity action, including conflict of laws jurisprudence.  *Garman v. Campbell County Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010).  Under Wyoming law, "when a transaction bears a reasonable relation to [Wyoming] and also to another state or nation the parties may agree that the law either of [Wyoming] or of such other state or nation shall govern their rights and duties."  Wyo. Stat. Ann. § 34.1-1-105(a).  An agreement contemplated by this statute exists in this case.  The Note states that it will be "governed by…the laws of the State of New York."  Exhibit A, pg. 2.  The Note also clarifies its connection to New York by stating that it "has been accepted by Lender in the

4

State of New York." *Id.* Thus, New York law applies since the Note bears a reasonable relation to New York and the parties to the Note agreed that New York law should govern.

### B. **Factual Basis Undisputed.**

This case presents a situation well-within the confines anticipated by Rule 56. "To establish prima facie entitlement to judgment as a matter of law with respect to a promissory note, a plaintiff must show the existence of a promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and the failure by the defendant to pay in accordance with the note's terms." *Lugli v. Johnston,* 78 A.D.3d 1133, 1135 (N.Y. App. Div. 2010). The loan documents definitively establish all the elements of the prima facie case; no genuine dispute as to any material fact exists.

The documents speak for themselves. The Defendants executed a Note for $630,000. *See* Exhibit A. On May 23, 2011, Defendants acknowledged that the Note was due and payable. *See* Exhibit D. On November 8, 2011, the Note was transferred to NEPCO. *See* Exhibit A; Keough Affidavit ¶ 2. Thus, there is no dispute that Defendants are liable to NEPCO for the amount due under the Note.

The amount due under the Note is also undisputed. The Jackson property was sold for $400,000 at the foreclosure sale held on October 16, 2012. *See* Exhibit F; Keough Affidavit ¶ 5. After deducting the proceeds from the sheriff's sale, the total due as of October 16, 2012 was $262,185.89. Keough Affidavit ¶ 6. Since that date, interest has accrued at the rate of $47.70 per day. Keough Affidavit ¶ 7. Furthermore, the Note allows NEPCO to recover its attorneys' fees and costs of collection from the Defendants. *See* Exhibit A; Keough Affidavit ¶ 8. NEPCO has incurred attorney's fees and costs and

continues to incur attorney's fees and costs in its effort to collect upon the Note.  Keough Affidavit ¶ 9.

## **CONCLUSION**

For the above reasons, NEPCO respectfully requests the Court to grant its *Motion for Summary Judgment* and enter judgment against Defendants Michael V. DeFelice and Babette DeFelice, jointly and severally, for the remaining principal loan balance, accrued interest, attorney's fees, costs of collection, continuing interest and other amounts recoverable by NEPCO under the loan documents.

DATED this 3rd day of January, 2013.

>/s/ Timothy M. Stubson\
>TIMOTHY M. STUBSON\
>Crowley Fleck, PLLP\
>152 North Durbin Street, Suite 220\
>Casper, WY 82601-7009\
>(307) 265-2279\
>Attorneys for Plaintiff NEPCO Fund II LLC

## **Certificate of Service**

The undersigned hereby certifies that on the 3rd day of January, 2013, the above and foregoing document was served upon counsel by electronic filing.

Erika M. Nash
Long Reimer Winegar Beppler LLP
270 West Pearl Street, Suite 103
P.O. Box 3070
Jackson, Wyoming 83001

/s/ Timothy M. Stubson_____
Timothy M. Stubson